(No. 00125 )

IN RE APPLICATION OF MARGARET MARINEC

*Opinion filed November 14, 1977.*

PETER A. LOUTOS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General for Illinois; VINCENT J. BISKUPIC, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arising out of the death of a police chief allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiaries pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," (hereafter, the Act), Ill. Rev. Stat., ch. 48, Sec. 281 *et seq.*, 1975.

The Court has carefully considered the application for benefits submitted on the form prescribed and fur-

nished by the Attorney General; a written statement of the decedent's supervising officer, and a report by the Illinois Attorney General's Office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the Court on October 12, 1977, the Court finds that:

1. Alsip Police Chief, Raymond Marinec, was pronounced dead at Ingalls Memorial Hospital, Harvey, Illinois, at 12:33 a.m. on Saturday, November 6, 1976, at the age of 38.

2. At 8:05 p.m., on Friday, November 5, 1976, Chief Marinec, was stricken with a heart attack, in a Homewood, Illinois restaurant, while attending a retirement party for another policeman sponsored by the South Suburban Association of Chiefs of Police, of which Chief Marinec was a member. He was taken directly to the hospital by ambulance, after being stricken.

3. The death certificate submitted by the Claimant indicated the immediate cause of death as "cardiac arrest, with an approximate interval between onset and death of seconds, due to or as a consequence of acute myocardial infarction, hours, due to, or as a consequence of, coronary artery disease years."

4. Section 2, subparagraph (e) of the Act provides, in relevant part, that "killed in the line of duty" means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer . . . "if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause."

5. While testimony and evidence were presented as to Chief Marinec's devotion to duty, the hours he

worked, and the many services he performed, as the Alsip Police Department's Chief, he was not "killed in the line of duty" as defined in, and required by, the Act.

It is hereby ordered, by reason of the foregoing, that the claim for benefits by Margaret Marinec, pertaining to the death of her husband, Raymond Marinec, be, and the same is hereby denied.